# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD C. ATKINS,<br><br>                      Plaintiff,<br><br>   vs.<br><br>MAGIC SLIDERS, L.P.,<br><br>                      Defendant. | CASE NO. 10cv1533 - IEG (WVG)<br><br>**ORDER GRANTING MOTION FOR TRANSFER OF VENUE**<br><br>[Doc. No. 39] |

      Presently before the Court is a motion for transfer pursuant to 28 U.S.C. § 1404(a) brought by Defendant Magic Sliders, L.P. Defendant contends the Southern District of California is an inconvenient forum and seeks a transfer of this action to the Southern District of New York. For the reasons described herein, the Court **GRANTS** Defendant's motion and transfers this action to the Southern District of New York.

## BACKGROUND

      Defendant's principal business is the manufacture of MAGIC SLIDER® discs. (Def.'s Mot. at 2.) Such discs are designed for placement between furniture and floors, and for placement between surfaces which would otherwise come into direct contact, in order to reduce friction, and reduce or prevent scratching, scuffing, skidding, and noise. (Id.)

      Plaintiff is not a competitor of Magic Sliders, and he does not claim to have been damaged by Magic Sliders' conduct. Rather, Plaintiff *qui tam* seeks a judgment for penalties arising out of

1  Magic Sliders' allegedly false patent marking of certain MAGIC SLIDER® products.[1]  (See
2  generally Compl.)  Plaintiff alleges that Defendant has sold the allegedly infringing goods in the
3  Southern District of California.  (Compl. ¶ 12.)

4      Defendant does not deny selling MAGIC SLIDER® products in the Southern District of
5  California, but it emphasizes its business and the evidence in this case are primarily located in New
6  York.  (See generally Bernstein Decl.)  Magic Sliders is a limited partnership organized and
7  existing under the laws of Delaware.  (Id. ¶ 3.)  The general partner and operator of the limited
8  partnership is Magic Sliders, Inc., which is a New York corporation.  (Id.)  At all times, Magic
9  Sliders and its general partner have maintained their principal offices in the Westchester County,
10 New York, which is located in the Southern District of New York.  (Id. ¶ 4.)  The records of Magic
11 Sliders pertinent to the issues to be raised in this action are located in or around Magic Sliders
12 principal offices.  (Id. ¶ 8.)  Magic Sliders maintains a limited U.S. inventory of goods in a third
13 party warehouse located in Clinton County, New York.  (Id. ¶ 6.)  At all times, all officers and
14 employees of Magic Sliders have maintained their principal residences in New York or adjacent
15 states.  (Id. ¶ 5.)

16     Defendant also emphasizes its limited contacts in California.  (See generally Bernstein
17 Decl.)  Neither Magic Sliders nor its general partner has ever sought or obtained authority to do
18 business in California or ever maintained an office in California.  (Id. ¶ 4.)  Magic Sliders does not
19 own or operate a warehouse in California, nor have any of its officers or employees ever
20 maintained their principal residence in California.  (Id. ¶ 5.)  As a result, there are no Magic Sliders
21 records in California either.  (Id. ¶ 8.)

22     Plaintiff filed the Complaint in this action on July 22, 2010. (Doc. No. 1.)  Defendant filed
23 the present motion on October 20, 2010.  (Doc. No. 6.)  Plaintiff filed a response in opposition on
24 November 15, 2010, and Defendant filed a reply on November 22, 2010. (Doc. Nos. 8, 10.)
25 ///
26 ///
27
28     [1] Any money judgment would be split equally between Plaintiff and the United States, pursuant to 35 U.S.C. § 292(a).

**DISCUSSION**

I.  **Legal Standard for Motion to Transfer Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] 28 U.S.C. § 1404(a).  A motion for transfer pursuant to § 1404(a) lies within the discretion of the district court, and its outcome depends on the facts of each case.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  In determining whether transfer is appropriate in a particular case, courts consider factors such as (1) the plaintiff's choice of forum, (2) the convenience of the parties and witnesses, and the availability of compulsory process to compel attendance of unwilling non-party witnesses, (3) the ease of access to evidence, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, and (6) the differences in the costs of litigation in the two forums.  See id. at 498-99; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  The burden of showing that transfer is appropriate rests on the moving party.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

II.  **Analysis**

Defendant argues, and the case law also suggests, that Plaintiff's choice of forum should be given less-than-ordinary deference in this case because this is a *qui tam* action and the real party in interest is the United States.  See Clip Ventures LLC v. U-Dig-It Enterprises, Inc., 2010 WL 4269199, at *2 (Oct. 25, 2010) (citing cases).  Accordingly, this factor weighs only slightly against transfer.

The remainder of the factors weigh in favor of transfer (or are neutral).  It appears that nearly all of the witnesses and evidence are located in New York.  Defendant will seek to establish it relied on the advice of counsel that its goods are subject to valid claims of patent, and Defendant intends to call at least five non-party witnesses located in the Southern District of New York and introduce documents located there.  See Def.'s Mot. at 9.  Rather than contesting Defendant's

---

[2] The parties agree that this action might have been brought in the Southern District of New York.  They disagree as to whether transfer would be convenient for the parties and witnesses or in the interests of justice.

1  assertion, Plaintiff argues the Defendant has not properly substantiated its assertion that the
2  witnesses and documents are located in New York. See Pl.'s Opp'n at 3-4. Plaintiff also
3  emphasizes Defendant's failure to explain why it would be prohibitively burdensome to transport
4  or ship relevant documents to San Diego. Id. at 4. Notwithstanding Plaintiff's argument to the
5  contrary, Defendant has substantiated its assertion—it identifies the witnesses, their testimony and,
6  to the extent possible, their location. See generally Def.'s Mot.; Bernstein Decl. And Plaintiff
7  does not contend that any of witnesses or documents are actually located in California. See
8  generally Pl.'s Opp'n. In effect, Plaintiff concedes that it would be more convenient for the parties
9  and witnesses to try this case in New York, but attacks only the degree of inconvenience of trying
10 the case in California. See Pl.'s Opp. at 5 (arguing "Defendant's claims of inconvenience are
11 grossly exaggerated"). The second and third factors thus weigh in favor of transfer.

There is no dispute that Defendant sold MAGIC SLIDER® products in California, and such sales generated this action, but there is also no dispute that Defendant has no other contacts to California. As a result, and because the witnesses and evidence are almost entirely in New York, Plaintiff does not contest Defendant's assertion that trying the case in New York will be less expensive. Taken together, the fourth, fifth and sixth factors weigh in favor of transfer.

Accordingly, because most factors weigh in favor of transfer, the Court **GRANTS** Defendant's motion and transfers the case to the Southern District of New York.

**IT IS SO ORDERED.**

DATED: December 15, 2010

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**